**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN OSCAR FUENTES,

Plaintiff-Appellant,

v.

MAYOR MARTIN CHAVEZ; CITY
OF ALBUQUERQUE; NEW MEXICO
POLICE DEPARTMENT, Field
Service Bureau Impact Team;
ARTURO SANCHEZ, Bernalillo
County Officer; B. LAMPIRIS,
Detective; A. GARCIA; D.
CHAPMAN; FNU ROMERO; H.
ROGERS; C. SAYLOR; FNU
OLIVARES; M. ELRICK, Police
Officers,

Defendants - Appellees.

No. 08-2162

District of New Mexico

(D.C. No. 2:07-CV-0714-RB-KBM)

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

_____

Juan Oscar Fuentes, a state prisoner proceeding pro se, has appealed the dismissal of his § 1983 claim. After considering Mr. Fuentes's complaint and providing him the opportunity to amend, the district court found he had failed to state a claim and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). Mr. Fuentes has appealed, and we now affirm.

**Background**

In July 2007, Mr. Fuentes, a state prisoner in Albuquerque, New Mexico, filed a complaint under 42 U.S.C. § 1983 alleging that a number of state officials, most of whom were with the police department, had deprived him of his constitutional rights. The basis for his claim is almost impossible to discern from that original complaint. The most specific portion is Claim One, which alleges "Tampering/Conspiracy (Due Process Clause)" and lists as factual support "neglect of all evidence." Claim Two says only "Violation(s) of my Constitutional right(s) under 1, 4, 5, 6, 8, 14 Amendment(s)." Claim Three is for "cruel and unusual punishment, excessive force, under duress (force) to take or put, slander, causing bodily harm, mental and/or emotional, pain & anguish, deliberate indifference, serious needs of liberty, property, rights, privileges,

-2-

immunities, secured by the Constitution and laws." He sought injunctive relief and monetary damages of $90 million.

The district court referred the action to a magistrate judge, who reviewed the complaint sua sponte under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). The magistrate judge's January 31, 2008 order found that Mr. Fuentes's "complaint contains only conclusory assertions of constitutional violations with no supporting factual allegations." Mem. Op. at 2. Her order gave him the opportunity to amend, warning that failure to comply could result in dismissal.

Mr. Fuentes never amended his complaint. He did, however, submit a motion for summary judgment on June 25, 2008, which the district court considered when it reevaluated the original complaint. The court found that even supplemented by this motion, the complaint failed to allege enough facts to state a plausible claim. Accordingly, it dismissed Mr. Fuentes's complaint with prejudice.

**Discussion**

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Even under the liberal standard by which we judge a pro se litigant's pleadings, *see Ledbetter v. City of*

*Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), Mr. Fuentes has failed to meet this pleading requirement. He has alleged no facts whatsoever, and it is impossible to decipher the basis for his claim.

Apart from a general allegation that his constitutional rights have been violated—specifically, those rights protected by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments[2]—Mr. Fuentes has provided no indication of what, precisely, has been done to him. He has not told *how* the defendants violated these rights. The most generous reading of his complaint, coupled with his summary judgment motion, suggests that he is objecting to his continued confinement, for which he believes there is a lack of evidentiary support. Even granting him this generous reading, though, Mr. Fuentes has failed to allege any facts explaining *why* his confinement lacks evidentiary support. Confusing, conclusory statements of constitutional violations will not sustain a § 1983 claim beyond a motion to dismiss. The court below gave him an opportunity to cure these deficiencies, but he failed to do so. We agree with the district court that he has failed to state a claim upon which relief may be granted and that the complaint was rightly dismissed.

---

[2]His appellate brief has added even more amendments to the list, though without adding any additional explanation as to the nature of the violation. He now claims to be bringing claims under the Seventh, Thirteenth, and Fifteenth Amendments, as well as those previously mentioned.

We also agree with the district court's decision to dismiss with prejudice rather than without, though we recognize that doing so is "a significantly harsher remedy" for which the court must "exercise soundly its discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). In determining the propriety of dismissal under Fed. R. Civ. P. 41(b), we look to five criteria: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (quoting *Olsen v Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)). Those criteria are present here. The defendants and the courts both are prejudiced by having to sift through "rambling, and sometimes incomprehensible" pleadings, *id.* at 1163, unable to understand what claims are even being brought. Mr. Fuentes was instructed to amend his complaint to include facts, but his response added even more confusion. While we are more reluctant to dismiss a pro se plaintiff's complaint with prejudice, as it is more difficult to determine whether he has truly grasped how to cure the defects in his complaint, the court did not simply tell Mr. Fuentes to "comply with the pleading requirements" but told him plainly to add more facts. He did not do so, and his similarly confusing brief before this court suggests another opportunity to amend would be futile as well. There is a limit to how many bites even a pro se plaintiff can have at the apple, and it was not an

abuse of discretion for the district court to find that Mr. Fuentes had met that limit.

## Conclusion

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.  Appellant's motion to proceed *in forma pauperis* is also **DENIED**.  We remind him of his obligation to make immediate payment of the full $455 filing fee.

Entered for the Court,

Michael W. McConnell
Circuit Judge