**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BLONDELL F. MITCHELL,

     Plaintiff - Appellant,

v.

KDJM-FM; INFINITY
BROADCASTING; VIACOM;
JENNIFER PROCTOR; MARK
OTTO; JOSE ESPINOSA; KEITH
ABRAMS; MARIA CHAVEZ;
LARRY ULIBARRI; KENDALL
LAMAR; KATHIE JOHNSON;
STEVEN LAURITZEN; MANUEL
ANTHONY VALDEZ; KQKS-FM;
JEFFERSON PILOT
COMMUNICATIONS, n/k/a Lincoln
Financial Media; JEFFERSON PILOT
FINANCIAL, n/k/a Lincoln Financial
Group,

     Defendants - Appellees.

No. 08-1375
(D.C. No. 06-CV-01427-EWN-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Plaintiff-Appellant Blondell Mitchell, a pro se litigant, appeals the district court's dismissal with prejudice of her defamation action after the court concluded that Ms. Mitchell failed to comply with a detailed court order instructing her on the proper scope of her Second Amended Complaint. III R. Doc. 120, 136. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Beginning in 2006, Ms. Mitchell filed several actions against a total of sixteen defendants alleging that the defendants defamed Ms. Mitchell by announcing over the radio that Ms. Mitchell had and was intentionally spreading the AIDS virus. I R. Doc. 3, 4, 5; II R. Doc. 95. The separate actions were consolidated on November 16, 2006, and the consolidated action was dismissed without prejudice on September 6, 2007 for failure to comply with Fed. R. Civ. P. 8(a). See II R. Doc. 95. The district court granted Ms. Mitchell leave to file a Second Amended Complaint, and provided specific requirements for the second complaint. Id. at 20-21. Ms. Mitchell was warned that failure to comply with the court's guidelines could result in dismissal with prejudice. Id. at 21. On September 21, 2007, Ms. Mitchell filed four separate amended complaints. II R. Doc. 96; III R. Doc. 97, 99; Doc. 98. Upon a finding that Ms. Mitchell's amended complaints were non-compliant, magistrate judge Boyd N. Boland recommended that the actions be dismissed with prejudice. III R. Doc. 122. The district court agreed, and dismissed Ms. Mitchell's action with prejudice on

Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

- 2 -

September 25, 2008.  III R. Doc. 136.

On appeal, Ms. Mitchell raises twenty-seven issues, inclusive of a challenge to the dismissal.  "Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of court."  Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003) (quoting Fed. R. Civ. P. 41(b)).  A district court may dismiss an action under Rule 41(b) after consideration of the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)); see Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  We review such a dismissal for an abuse of discretion.  Olsen, 333 F.3d at 1204.

Upon a complete review of the record, and for substantially the same reasons set forth by the magistrate judge and district court, we find that the dismissal was well within the district court's discretion, and we therefore affirm.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -