**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BLONDELL F. MITCHELL,

      Plaintiff - Appellant,

v.

KDJM-FM, Jammin 92.5; SUMNER
REDSTONE, (Murray Rothstein); KNOW
HIV/AIDS; KNOW HIV/AIDS BOARD
OF DIRECTORS; THE HENRY J.
KAISER FOUNDATION; THE HENRY J.
KAISER FOUNDATION BOARD OF
DIRECTORS; VIACOM INC.; VIACOM
BOARD OF DIRECTORS; CBS
CORPORATION; CBS COPORATION
BOARD OF DIRECTORS; CBS RADIO;
CBS RADIO BOARD OF DIRECTORS;
INFINITY BROADCASTING
CORPORATION; INFINITY
BROADCASTING CORPORATION
BOARD OF DIRECTORS; JENNIFER
PROCTOR; MARK OTTO; JOSE
ESPINOSA; KEITH ABRAMS; MARIA
CHAVEZ,

      Defendants - Appellees.

No. 10-1403
(D. Colo.)
(D.C. No. 1:10-CV-01732-ZLW)

**ORDER AND JUDGMENT**[*]

---

[*] Oral argument would not materially assist the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

     This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Blondell Mitchell, a pro se litigant,[1] appeals from the district court's dismissal of her defamation action as barred by res judicata. Because the district court correctly dismissed the complaint, we affirm. We also deny Mitchell's request to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Beginning in 2006, Mitchell filed several actions against numerous defendants alleging they defamed her by announcing over the radio she "had and was intentionally spreading the AIDS virus." See *Mitchell v. KDJM-FM*, 318 Fed. Appx. 676, 677 (10th Cir. 2009). The separate actions were consolidated and, ultimately, the action was dismissed with prejudice on September 25, 2008, after Mitchell repeatedly failed to comply with the district court's detailed orders regarding amendment of her complaint. *Id*.; *see* Fed. R. Civ. P. 41(b). We affirmed the dismissal with prejudice on appeal. *Id*.

On July 22, 2010, Mitchell filed another complaint in the same court against the same defendants asserting the same claims.[2] The district court dismissed the complaint because the dismissal with prejudice of her previous suit barred her current claim under the principle of res judicata. Mitchell filed a notice of appeal and a request with the

---

[1] Because Mitchell is appearing pro se, we construe her pleadings and papers liberally. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] Her current complaint included the same defects she refused to correct in her earlier litigation.

district court to proceed *in forma pauperis* (*ifp*) on appeal. The district court denied her request, ruling "[she had] not shown the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." (R. at 40-41.)

## II.   DISCUSSION

A. <u>Res Judicata</u>

"[T]he question of application of res judicata to the facts, viewed in the light most favorable to the nonmoving party, is a pure question of law to be reviewed de novo." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. at 1281 (quotations omitted). Mitchell does not deny this is the same claim in the same court against the same parties. Instead, she argues the dismissal with prejudice of her claims under Rule 41(b) is not an adjudication on the merits which would bar her current claim. She argues the district court never reached the merits and, therefore, she did not have a full and fair opportunity to litigate her claims.

Federal Rule of Civil Procedure 41(b) provides in relevant part as follows:

Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

"[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case

- 3 -

barred refiling of the same claim in the [same court]." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001).

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits -- failure of the plaintiff . . . to comply with an order of the Court . . . -- primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action.

*Costello v. United States*, 365 U.S. 265, 286 (1961). In other words, Mitchell did have a fair and full opportunity to litigate her claims. She merely frittered the opportunity away by repeated disregard of the orders entered to define the issues and move the litigation forward.

B.  Request to Proceed *IFP*

To proceed *ifp* on appeal, Mitchell "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits. *See Anders v. California*, 386 U.S. 738, 744 (1967). We have reviewed Mitchell's motion to proceed *ifp* and solicitously construed her brief in light of the district court record. Her arguments are contrary to settled law and she makes no reasoned argument for modification of that law. In short, she has not presented reasoned, non-frivolous arguments in support of the issues raised on appeal. We deny Mitchell's motion to proceed *ifp* on appeal and remind her of her obligation to pay the filing and docket fees in full.

- 4 -

The district court's dismissal of Mitchell's complaint is AFFIRMED and her motion to proceed *ifp* on appeal is DENIED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge