FILED
United States Court of Appeals
Tenth Circuit

June 24, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PAUL L. MARTINEZ,

     Plaintiff-Appellant,

v.

ANTHONY A. DECESARO, Grievance
Officer, individually and in his official
capacity; RAE TIMME, Warden, Fremont
Correctional Facility, individually and in
her official capacity; SUSAN JONES,
Warden, CSP and CCF, individually and
in her official capacity,

     Defendants-Appellees.

No. 11-1130

(D.C. No. 1:10-cv-02472-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Plaintiff/appellant Paul Martinez, a Colorado state prisoner currently incarcerated at Colorado's Centennial Correctional Facility (CCF), appeals the dismissal of his civil rights complaint which he filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The district court, after providing Martinez the opportunity to file an amended complaint, dismissed Martinez's amended complaint for failure to comply with Fed. R. Civ. P. 8. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Martinez filed a pro se civil rights complaint naming as defendants the warden of Colorado's Fremont Correctional Facility (FCF), the warden of CCF and the Colorado State Penitentiary (CSP), and a Colorado prison grievance officer. After Martinez filed his initial complaint and an amended complaint,[1] a United States Magistrate Judge ordered him to file a second amended complaint because the first amended complaint did not comply with Fed. R. Civ. P. 8. Among other things, the magistrate judge directed Martinez to "allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated [his] rights," and to "assert personal participation by each named defendant." ROA at 137. Martinez filed a second amended complaint that was somewhat shorter than, but otherwise substantially similar to, his first two complaints.

---

[1] As regards its content, Martinez's first amended complaint was virtually identical to his initial complaint. Martinez filed an amended complaint because he believed his initial complaint failed to satisfy formatting requirements.

Martinez's second amended complaint described, among other things: Martinez's lengthy medical history and treatment within the Colorado prison system, beginning in 1982; disciplinary "write ups" that Martinez alleges resulted from false accusations and unspecified denials of due process; overcrowding at FCF and CSP and consequent intermittent denial of adequate shower, recreation, and meal time to inmates; changes in pricing of and/or distribution of profits from canteen items at Colorado prisons; confiscation of Martinez's personal possessions; problems accessing or using prison libraries; and issues relating to the processing and/or denial of Martinez's grievances. Martinez also made vague references to discrimination based on his race, religious and moral beliefs, and retaliation based on his prior complaints relating to prison conditions. Martinez sought the following relief: specific medical treatment, including several surgeries; expungement of disciplinary write ups he received in 2006 through 2008; reduction of the inmate populations at FCF and CSP and provision of job assignments for all inmates who wish to work; restoration of various items of his property; an order compelling CSP to sell specific hygiene products in the prison canteen; and an investigation into abuses of power by Colorado prison staff. Martinez also sought unspecified "punitive" damages.

The district court determined that Martinez failed to remedy the defects in his complaint identified by the magistrate judge and dismissed the second amended complaint without prejudice.

II

We review the district court's dismissal of a complaint for failure to comply with Fed. R. Civ. P. 8 for an abuse of discretion.[2] See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d 1158, 1161 (10th Cir. 2007). A district court may dismiss an action without prejudice for failure to comply with Rule 8 "without attention to any particular procedures." Id. at 1162. As Martinez is a pro se litigant, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, Martinez's pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

Federal Rule of Civil Procedure 8(a) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989).

We conclude that the district court did not abuse its discretion by dismissing

---

[2] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to comply with a rule of civil procedure, including Rule 8. Rule 41 "has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure . . . ." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Martinez's second amended complaint. Martinez contends that the complicated nature of his claims requires an extensive recitation of facts. However, Martinez's lengthy, overly-detailed, and complex narrative and inclusion of his opinions about medical treatment and prison administration make it extremely difficult to discern the facts and law that may support any right to recovery, and to discern exactly what recovery Martinez seeks. Among other difficulties, we are unable to connect Martinez's prayer for relief with much of the body of his second amended complaint. Martinez requests some relief that appears unrelated to the factual allegations that he makes and, conversely, Martinez makes many allegations of wrongdoing or mistreatment that would not be remedied by the relief he seeks. Further, Martinez's second amended complaint fails to describe each named defendant's personal participation in the alleged wrongs, as the magistrate judge's order advised him it should. Martinez's vague allegation that the defendants "were personally involved if indirectly through staff who reported directly to them," ROA at 147, is neither clear nor sufficient. A plaintiff cannot establish liability under § 1983 merely by "'show[ing] the defendant was in charge of other state actors who actually committed the [constitutional] violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights.'" Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010) (quoting Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006)). For these reasons, we conclude that the district court did not abuse its discretion when it dismissed Martinez's second amended complaint without prejudice for failure to comply with Fed. R. Civ. P. 8.

5

III

The decision of the district court is AFFIRMED. Martinez's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge