**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOM OLSEN and NAOMI OLSEN,

      Plaintiffs - Appellants,

v.

PAUL MAPES; ROBERT BABCOCK;
and THE NEW MEXICO BOARD OF
PHARMACY,

      Defendants - Appellees.

No. 02-2226

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**D.C. No. CIV-01-563 MCA/RLP**

---

**Submitted on the briefs:**[*]

Tom Olsen and Naomi Olsen, pro se.

---

Before **EBEL, HENRY** and **HARTZ**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case therefore is ordered submitted without oral argument.

Plaintiffs Tom and Naomi Olsen ("Plaintiffs"), proceeding pro se, brought this action in the United States District Court for the District of New Mexico against attorney Robert Babcock and Administrative Law Judge Paul Mapes. In a Second Amended Complaint, Plaintiffs also attempted to add the New Mexico Board of Pharmacy ("Board") as a defendant.

On October 16, 2002, the district court entered its Amended Order of Dismissal with Prejudice, disposing of all of Plaintiffs' claims. With respect to Defendant Babcock, the court found that it had no personal jurisdiction. With respect to Defendant Mapes, the court found that Plaintiffs had consistently failed to comply with the court's orders to perfect service in accordance with Federal Rule of Civil Procedure 4(i) and dismissed the claims against Mapes. Because Plaintiffs had failed to comply with the district court's orders regarding service on Defendant Mapes, the district court struck Plaintiffs' Second Amended Complaint, thereby dismissing their claims against the Board.

On appeal, Plaintiffs argue that their claims against Defendants Mapes and the New Mexico Board of Pharmacy should not have been dismissed.[1] They note that, because they are proceeding in forma pauperis, the district court had ordered

---

[1] Defendant Babcock moved to dismiss the case against him for lack of personal jurisdiction, arguing that he had no significant contacts with the state of New Mexico. Plaintiffs do not contest his dismissal on appeal.

the U.S. Marshal to complete service on their behalf.  Thus, they argue, any failure to perfect service was the responsibility of the U.S. Marshal, not of Plaintiffs.  Alternatively, Plaintiffs argue that they did perfect service on Defendant Mapes and that any defect in such service was not so serious as to warrant dismissal of the action with prejudice.  Because the record reflects that the U.S. Marshal was in fact ordered to perfect service on Defendant Mapes, we REVERSE the dismissal of Plaintiffs' claims against Mapes and REMAND for further proceedings.  We also REVERSE the striking of Plaintiffs' Second Amended Complaint and REMAND for the district court to consider it in accordance with Federal Rule of Civil Procedure 15.

I.    Background

On May 18, 2001, Plaintiffs Tom and Naomi Olsen initiated this action in the United States District Court for the District of New Mexico, naming Defendants Paul Mapes and Robert Babcock.  Plaintiff Tom Olsen is also the plaintiff in an administrative proceeding brought under the Longshore Harbor Worker's Compensation Act, which is currently pending before Defendant Mapes, who is an Administrative Law Judge.  Defendant Babcock is an attorney who represents Olsen's former employer, Triple A Machine Shop, Inc., in that

- 3 -

proceeding. Plaintiffs' claims in this action arise from the conduct of Mapes and Babcock in the administrative proceeding.

On May 24 and June 19, 2001, United States Magistrate Judge Leslie Smith granted Plaintiffs' respective Applications to Proceed In Forma Pauperis. Noting Plaintiffs' pauper status, Judge Smith then entered orders on May 30 and June 21, 2001, directing the U.S. Marshal "to serve the summons and complaint personally on defendants as directed by the clerk." (Record on Appeal ("ROA"), Docs. 3, 4.)

Because Defendant Mapes is a United States Administrative Law Judge, Plaintiff was required to serve him in accordance with Federal Rule of Civil Procedure 4(i). Rule 4(i) requires that service on officers of the United States be made on both the United States and the officer. Fed. R. Civ. P. 4(i)(2). Rule 4(i)(1) describes service upon the United States as follows:

Service upon the United States shall be effected

(A)     by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B)     by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C)     in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy

of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i)(1).

Service on the officer depends on whether the officer is sued in an official or individual capacity. If the officer is sued in an official capacity, the plaintiff may serve him or her by "sending [the officer] a copy of the summons and complaint by registered or certified mail." Fed. R. Civ. P. 4(i)(2)(A). If the officer is sued in an individual capacity, service must be perfected "in the manner prescribed by Rule 4(e), (f), or (g)." Id. 4(i)(2)(B).

Thus, in this case, to perfect service on Mapes, Plaintiffs would be required to deliver a copy of the summons and complaint to the United States attorney for the District of New Mexico (or to an assistant United States attorney or clerical employee designated by that United States attorney). They would further be required to send a copy of the summons and complaint by registered or certified mail to the United States Attorney General. Finally, they would be required to serve Defendant Mapes by sending him a copy of the summons and complaint by registered or certified mail (if he is sued only in his official capacity) or by serving him in accordance with the standard rules of personal service articulated in Rule 4(e) (if he is sued in his individual capacity).

In November 2001, Plaintiffs' case was transferred to United States District Judge Martha Vazquez. On December 18, 2001, she entered an order denying

several motions that Plaintiffs submitted following their initial complaint.  Her order advised Plaintiffs that their "service of process was inadequate, as it failed to specify which method of service was used and listed several possible methods of service, such as U.S. mail and/or Federal Express."  (ROA, Doc. 13 at 3.)  It further instructed them "to carefully read and comply with the Federal Rule of Civil Procedure with regard to the proper method of service of process" and "to follow Fed. R. Civ. P. 4(i) when serving Officers of the United States (which includes Judicial Officers and U.S. Attorneys)."  (Id.)  It reminded them that "service must be completed either by certified mail or in person when serving a U.S. Attorney under Fed. R. Civ. P. 4(i)."  (Id.)  This order did not mention Judge Smith's order directing the U.S. Marshal to perfect service.

On March 15, 2002, the case was transferred again to District Judge M. Christina Armijo.  On this same date, Plaintiffs filed an Amended Complaint, still naming only Defendants Mapes and Babcock.  On June 5, 2002, without requesting leave to amend, Plaintiffs filed a Second Amended Complaint, naming Defendants Mapes and Babcock and adding the New Mexico Board of Pharmacy.

On June 7, 2002, the Plaintiffs filed a "Request for Judicial Determination of Service or, in the Alternative, Motion for Default Judgment," asking "that the court make a determination of service upon the Federal Defendants/Respondents, as they have been served in excess of three times, all with the response that

service was 'inadequate'." (ROA, Doc. 25 at 1.) Plaintiffs argued that pursuant to Judge Vazquez's order, they had served Defendants via certified mail and in person. They submitted four unsigned certified mail receipts and a copy of the "Proof of Service" attached to their Amended Complaint. The Proof of Service was stamped as received by the U.S. Attorney's Office in Albuquerque, New Mexico, on March 15, 2002.

On June 12, 2002, Defendant Mapes filed a "Notice of Non Service on Government Defendants," stating that Plaintiffs had failed to properly serve the United States in accordance with Fed. R. Civ. P. 4(i) and failed to properly serve their Second Amended Complaint on the office of the United States Attorney for the District of New Mexico. This Notice did not mention any specific failure by Plaintiffs—it merely states that service was not proper or in conformance with Rule 4(i).

On June 27, 2002, Judge Armijo entered an order finding that

Plaintiffs have failed to make a sufficient showing that all officers, employees, agencies, and/or locations of the United States required to be served pursuant to Fed. R. Civ. P. 4(i) have been properly served in this case. In this regard, the Court notes Plaintiffs' failure to produce the signed return receipts for certified mail evidencing the receipt of the mailing by each such officer, employee, agency, and/or location of the United States.

(ROA, Doc. 27 at 1.) She ordered Plaintiffs to "complete service of the Summons and Second Amended Complaint upon each officer, employee, agency, and/or

location of the United States required to be served under Fed. R. Civ. P. 4(i) within fifteen (15) days" and to "file sufficient proof of service at that time as well." (Id. at 2.) Plaintiffs were advised that "failure to comply with this directive may result in the Court dismissing the complaint." (Id.)

On July 15, 2002, in response to Judge Armijo's order, Plaintiffs filed their "Proof of Service as Ordered by the Court." To prove service, they attached as Exhibit 1 a copy of the first page of their Second Amended Complaint stamped received by the U.S. Attorney's Office in Albuquerque, New Mexico on July 1, 2002, and signed by Assistant U.S. Attorney Mitchell.

On July 31, 2002, Judge Armijo entered an Order dismissing this case with prejudice. She found that Plaintiffs had not complied with her order or with the order of Judge Vazquez to perfect service in accordance with Rule 4(i). Specifically, she found that Plaintiffs had never served the United States Attorney General. She further found that the proof offered by Plaintiffs of service on the U.S. Attorney for the District of New Mexico was insufficient. In making this finding, the district court noted a discrepancy in dates pertaining to the service of Plaintiffs' July 15, 2002 Response.[2]

_____

[2]However, the court did not comment on Exhibit 1 to Plaintiffs' Response, which apparently shows that their Second Amended Complaint was served on the U.S. Attorney's Office for the District of New Mexico and signed by an Assistant United States Attorney from that office. Even so, Exhibit 1 could not have

(continued...)

Judge Armijo concluded that involuntary dismissal of this action with prejudice under Fed. R. Civ. P. 41(b) was appropriate "because Plaintiffs repeatedly have failed to comply with the procedural rules and orders of this Court":

> The Court repeatedly ordered Plaintiffs to complete service of process upon the United States as required under Fed. R. Civ. P. 4(i). Despite having the benefit of specific instructions from the Court in two different instances and being warned of the consequences of their failure to comply, Plaintiffs failed to execute proper service of process on the United States for more than a year. This failure causes interference with the judicial process and is prejudicial to other parties. In addition, the repeated failure to comply with the Court's orders and multiple violations of the Court's procedural rules indicates a high degree of culpability and a low probability that a lesser sanction would be effective. . . . Plaintiffs have been given reasonable and adequate opportunity to comply with the Court's directives and the Rules of Civil Procedure; they have failed to do so.

(ROA, Doc. 30 at 4,5.) It thereby dismissed the action with prejudice.

Plaintiffs filed a notice of appeal. This Court requested clarification from the district court as to whether the action had been dismissed against all defendants. The district court subsequently entered an Amended Order of Dismissal with Prejudice, clarifying that all parties and claims had been dismissed. With respect to the New Mexico Board of Pharmacy, it clarified that

---

[2](...continued) completely satisfied Plaintiffs' service obligation because Rule 4(i) also requires service upon the Attorney General of the United States. Nevertheless, it does reflect at least partial compliance with the service requirements.

Plaintiffs' Second Amended Complaint was stricken because of Plaintiffs' failure to comply with the court's orders regarding the service of Defendant Mapes.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to "to comply with [the Federal Rules of Civil Procedure] or any order of court."[3]  A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal.  These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).  We review such a dismissal for an abuse of discretion. Id.

In this case, the district court dismissed Plaintiffs' claims against Defendants Mapes and the New Mexico Board of Pharmacy for Plaintiffs' failure to comply with Rule 4(i) and the court's repeated orders for Plaintiffs to perfect

---

[3]Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

service on Mapes in compliance with that rule.  On appeal, Plaintiffs argue that the district court ordered the U.S. Marshal to perfect service and that any failure to perfect service in accordance with the rules is the responsibility of the Marshal. We agree.

The principal criterion on which the district court relied was the culpability of the Plaintiffs.  We find that Plaintiffs were not sufficiently culpable to warrant dismissal of their action.  When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff.  See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases. . . .) (emphasis added); Fed. R. Civ. P. 4(c)(2) (the appointment of a U.S. marshal or other officer to perfect service "must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . .") (emphasis added).  In accordance with these requirements, U.S. Magistrate Judge Leslie Smith entered orders granting Plaintiffs in forma pauperis status and ordering that the U.S. Marshal perfect service as directed by the clerk.  Thus, the responsibility for the failure to serve Defendant Mapes rests with the Marshal or with the district court, not with Plaintiffs.

Numerous circuits have held that good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is

therefore entitled to rely on service by the U.S. Marshal. Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997); Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996); Dumaguin v. Sec'y of Health & Human Servs., 28 F.3d 1218, 1221 (D.C. Cir. 1994); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990); Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986).[4] Because there is no evidence in the record that Plaintiffs failed to cooperate with the U.S. Marshals or were otherwise not entitled to their service, we find they were not culpable for their failure to comply with the Federal Rules of Civil Procedure or the court's orders. Cf. Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1479-80 (10th Cir. 1988) (holding that the U.S. Marshal could not be held accountable for plaintiff's failure to serve where plaintiff's complaint named the wrong defendant).

Second, although Plaintiffs were entitled to rely on the service by the U.S. Marshal, they nevertheless demonstrated sincere efforts to comply with the court's orders. All of the papers filed by Plaintiffs contain "Proof of Service"

---

[4]Some courts have suggested that a plaintiff proceeding in forma pauperis must request service by the U.S. Marshal to be entitled to such service. See, e.g., Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992); Boudette v. Barnette, 923 F.2d 754, 756-57 (9th Cir. 1990); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). These cases, however, rely on an earlier version of Rule 4(c), which indicated that such a request was necessary. Young, 960 F.2d at 359; Boudette, 923 F.2d at 756; Rochon, 828 F.2d at 1109 n.1. The current version of Rule 4 does not indicate that a request is necessary. Fed. R. Civ. P. 4(c)(2).

attachments, which indicate that the papers were mailed to the Defendants or their counsel. Plaintiffs themselves moved the court for a determination of whether service was proper and filed a "Proof of Service" when required by the district court.

Rule 4(i) is a lengthy and complicated rule. Neither of the district court's orders provided specific instructions to Plaintiffs as to how to correct the defects in their service. Without such specific instructions, it is understandable that a pro se litigant might fail to fulfill all of Rule 4(i)'s requirements. Nevertheless, the record is replete with Plaintiffs' attempts to comply with the rule. Their inability to do so is not sufficient grounds on which to dismiss their action.

Considering the remaining criteria for Rule 41(b) dismissal, we find that none weigh substantially in favor of dismissing this action. Because the Defendants have not even been served yet, prejudice to them is minimal. The judicial process has suffered some delay, but, as described above, we have concluded that such delay was the fault of the court or the U.S. Marshal. Similarly, although the district court warned Plaintiffs of dismissal if their failure to serve Defendants persisted, it was not their responsibility to perfect service in the first instance. Finally, we need not consider the efficacy of lesser sanctions because there was no need for the district court to sanction Plaintiffs.

Thus, we find that the district court abused its discretion in dismissing Plaintiffs' action with prejudice. We REVERSE the dismissal of Plaintiffs' claims against Mapes and REMAND to the district court for further proceedings. The court should ensure that service is perfected on Defendant Mapes by the U.S. Marshal in accordance with Rule 4(i) as ordered by Magistrate Judge Smith.

We also REVERSE the dismissal of Plaintiffs' claims against the New Mexico Board of Pharmacy for Plaintiffs' failure to comply with the court's orders. We realize that Plaintiffs attempted to add this Defendant in a Second Amended Complaint. On remand, the district court should consider whether it will grant leave for this amendment pursuant to Federal Rule of Civil Procedure 15(a).