**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND LASKY,

      Plaintiff-Appellant,

v.

DAVID LANSFORD, Mayor, City of
Clovis; RAYMOND MONDRAGON,
Manager, Chief of Police; WILLIAM
CAREY, Chief of Police; DEBRA
WINNETT; ROBERT DENNY;
RUSSELL GOULD, Police, City of
Clovis; REEVES, Deputy, Sheriff Curry
County; STAN MIXON; DAVID
BURRESS, Paramedics, City of Clovis
Fire Department,

      Defendants-Appellees.

No. 03-2070

(D.C. No. CIV-02-1113 LH/LCS)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Raymond Lasky, appearing pro se, appeals the district court's orders granting defendants' motions to quash service of process, denying Lasky's motions for default judgment and dismissing the case without prejudice, and denying his motion for reconsideration. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In his pro se complaint, Lasky alleged that defendants violated his rights under 42 U.S.C. §§ 1983 and 1985 and various constitutional amendments. Lasky also filed a "Notice of Claim." Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to quash, arguing service of process was ineffective because Lasky served defendants with the notice of claim but not with the actual complaint. Lasky responded that he properly effected service by delivering a copy of the summons and complaint to each defendant. Lasky also filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55.

The district court observed that the court requires a pro se plaintiff to "follow the same rules of procedure that govern other litigants." ROA, Doc. 37 at 3 (quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)). After finding that defendants properly had challenged the sufficiency of the service of process, the district court proceeded to analyze whether Lasky had met his burden of establishing the validity of such service. See Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992)

2

(stating plaintiff has burden of establishing validity of service of process). The district court concluded:

> Plaintiff has submitted no evidence to meet . . . his burden. All he has done is make conclusory statements that service was sufficient, i.e., that the complaint was in fact served. Given the record before the Court, I must agree with Defendants that Lasky's attempt at service simply fails to comply with the requirements of Fed. R. Civ. P. 4(e).

ROA, Doc. 37 at 3. Rather than dismissing the case, the district court quashed the insufficient service and allowed Lasky 30 days from the date the order was filed to file proof of sufficient service of process on defendants. Id. at 4. The court denied Lasky's motion for default judgment as moot.

Lasky filed a second motion for default judgment but did not file proof of sufficient service of process on defendants. The district court dismissed the complaint without prejudice based on Lasky's failure to properly effect service of process and denied his second motion for default judgment as moot. Lasky's motion for reconsideration was denied.

We review orders of dismissal as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure for abuse of discretion. See Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). Upon our review of the record on appeal as well as Lasky's filings with this court, we cannot say that the district court abused its discretion in dismissing Lasky's complaint for failure to properly serve defendants.

We AFFIRM for substantially the same reasons set forth in the district court's

3

orders filed February 11, 2003, and March 13, 2003.[1]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] We reject Lasky's arguments that the district court violated the Due Process Clause and showed "partial prejudice toward Plaintiff-Appellant, and . . . special interest in Defendants' . . . Attorney of Record." Aplt. Br. at 4. The record does not support these allegations. Moreover, we reject the implication that Lasky was deprived of due process and equal protection when the district court failed to afford him a hearing prior to dismissing his complaint. There is no indication from the record that Lasky requested a hearing or proffered sufficient information establishing an issue of fact justifying an evidentiary hearing.