**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MILTON VERAN WILLIAMS,

        Plaintiff-Appellant,

v.

THE MARYLAND CORP.;
CORRECTIONS CORPORATION OF
AMERICA, Cimarron Correctional
Facility; JOHN DOE, Physicians
Assistant Tobati; JANE DOE, Nurse
Assistant; TIM O'DELL, Warden;
LINDA HURST; RAY CHOATE,
Counselor; CHRIS SUTHERLAND,
Director of Medical; JOHN DOE,
Assistant Warden Kesler; JOHN DOE,
Middleton; CIMARRON
CORRECTIONAL FACILITY,
Medical Department; LARRY
CAVES, Unit Manager/Disciplinary
Hearing Officer; VAUGHN, Internal
Affairs Investigator; LIEUTENANT
BARNARD, Correctional Officer;
HEATHER BARNARD, Mailroom
Clerk; PATTY DANYUER, Drug
Treatment Counselor CCA/CCF;
CURTIS BOOHER, Director, Internal
Affairs CCA/CCF; CASE, Corrections
Officer; POE, Corrections Officer;
LIEUTENANT CHASTEEN, Hearings
Officer; and KELLY WILKEY, Chief
of Security CCA/CCF,

        Defendants-Appellees.

No. 04-6260

(D.C. No. CV-03-938-C)

(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner civil rights appeal under 42 U.S.C. § 1983. In his claim to the district court, Mr. Williams brought fourteen claims for relief, all stemming from alleged constitutional violations occurring during his incarceration at the Cimarron Correctional Facility and the Dick Connor Correctional Facility. After reviewing the magistrate judge's Report and Recommendation, the district court dismissed Mr. Williams' claims for failing to exhaust his administrative remedies. In its order, the district concluded that Mr. Williams had "been given multiple opportunities to correct the deficiencies in his case," and "[t]herefore, [Mr. Williams'] case will be dismissed with prejudice."

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dist. Ct. Order at 3.  Mr. Williams appeals to this court.

We agree with the district court that Mr. Williams' case "must be dismissed as he failed to demonstrate he exhausted available remedies before pursuing the present action" in federal court.  Dist. Ct. Order at 2; *see also* 42 U.S.C. § 1997e(a).  We also agree that Mr. Williams' case should be dismissed with prejudice because of he repeatedly failed to comply with the district court's and magistrate judge's orders.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see also* Fed. R. Civ. P. 41(b).  After a thorough review of the briefs and the record, and for substantially the same reasons as set forth in the district court's well-reasoned July 27, 2004 Order, we hold that no relief is available to Mr. Williams pursuant to § 1983.

The decision of the district court is **AFFIRMED**.  We remind Appellant that because his motion to proceed without prepayment of the appellate filing fee was granted, he must continue making partial payments of court fees and costs previously assessed until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge