FILED
United States Court of Appeals
Tenth Circuit

May 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL HUGGINS, Prophet Evangel Dr.
Rev.,

      Plaintiff-Appellant,

v.

SUPREME COURT OF THE UNITED
STATES; PRESIDENT OF THE
UNITED STATES; UNITED STATES
CONGRESS; COLORADO
DEPARTMENT OF CORRECTIONS;
STATE OF COLORADO; UNITED
STATES ATTORNEY GENERAL;
UNITED STATES ATTORNEY;
COLORADO SUPREME COURT,

      Defendants-Appellees.

No. 12-1039

(D.C. No. 1:11-cv-03239-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Plaintiff Paul Huggins, proceeding pro se, filed a civil action in the district court against the State of Colorado, as well as various federal and Colorado state officials.  The magistrate judge concluded that the claims alleged in Huggins' complaint were unintelligible and directed Huggins to file an amended complaint that complied with the pleading requirements of Federal Rule of Civil Procedure 8.  After Huggins failed to file an amended complaint or otherwise respond to the magistrate judge's order, the district court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Huggins now appeals from that order of dismissal.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.

I

On December 12, 2011, Huggins filed a pro se complaint naming as defendants the Supreme Court of the United States, the President of the United States, the United States Congress, the Colorado Department of Corrections, the State of Colorado, the United States Attorney, and the Colorado Supreme Court.  On December 19, 2011, the magistrate judge assigned to the case granted Huggins leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  But the magistrate judge also concluded that Huggins' complaint "[wa]s deficient because [it] d[id] not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure."  R., Vol. 1, at 66.  More specifically, the magistrate judge concluded that "Huggins' claims for the most part [we]re

2

unintelligible," and that Huggins' complaint "fail[ed] to set forth a short and plain statement of the grounds on which the Court's jurisdiction depend[ed] or the basis for relief." Id. at 67. After briefly explaining that Federal Rule of Civil Procedure 8 required Huggins to "state with specificity what each named Defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated," the magistrate judge directed Huggins to file an amended complaint within thirty days. Id. The magistrate judge also warned Huggins that if he "fail[ed] within the time allowed to file an Amended Complaint that complie[d] with th[e] [magistrate judge's] Order, the action w[ould] be dismissed without further notice." Id.

Huggins did not file an amended complaint or otherwise respond to the magistrate judge's order. Consequently, on January 25, 2012, the district court issued an order of dismissal. In that order, the district court noted that it had reviewed Huggins' original complaint and agreed with the magistrate judge that it failed to comply with Federal Rule of Civil Procedure 8. And "[b]ecause . . . Huggins . . . failed to file an Amended Complaint with the time allowed" by the magistrate judge, the district court ordered "that the Complaint and action [be] dismissed without prejudice pursuant to [Federal Rule of Civil Procedure] 41(b) for failure to file an Amended Complaint and for failure to prosecute." Id. at 70. The district court also denied Huggins leave to proceed in forma pauperis on appeal.

Huggins filed a notice of appeal on February 2, 2012. He has since filed with this court an opening brief and a motion for leave to proceed in forma pauperis on appeal.

3

II

Federal Rule of Civil Procedure 41(b), the rule relied upon by the district court in dismissing Huggins' complaint, provides, in relevant part: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." We have consistently interpreted Rule 41(b) "to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). We review a dismissal under Rule 41(b) for an abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, internal quotation marks, and brackets omitted).

After examining Huggins' appellate pleadings and the record on appeal, we conclude the district court did not abuse its discretion in dismissing Huggins' complaint without prejudice. The allegations in Huggins' complaint, as both the magistrate judge and the district court noted, are unintelligible. And although the magistrate judge explained to Huggins what he must do to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, Huggins neither filed an amended complaint or otherwise responded to the magistrate judge's order. Indeed, even in his appellate brief, which itself is largely incomprehensible, Huggins offers no explanation for why he failed to comply with the magistrate judge's order.

The judgment of the district court is AFFIRMED. Huggins' motion for leave to

proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge