**UNITED STATES COURT OF APPEALS**      August 22, 2012

**TENTH CIRCUIT**      Elisabeth A. Shumaker
Clerk of Court

---

HORACE R. BUTLER,

            Plaintiff - Appellant,            No. 12-1264

v.            (D. Colorado)

CITY OF ARVADA, COLORADO,            (D.C. No. 1:12-CV-01057-LTB)

            Defendant - Appellee.

---

**ORDER AND JUDGMENT***

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant, Horace R. Butler, proceeding *pro se*, appeals the dismissal of his complaint for failure to comply with the district court's order to amend his complaint. For the following reasons, we affirm that dismissal.[1]

Mr. Butler is a 67-year-old African American male, who lives in Arvada, Colorado. Mr. Butler's complaint and his appellate brief list a number of encounters he claims to have had with the police in Arvada. He accuses the authorities of "misconduct," "tampering with evidence," "civil rights violation[s]," "harassment," and he claims he has suffered "[a] wrongful conviction," "mental anguish," "stress," "character assassination," and the denial of his "constitutional right[] to an attorney." Appellant's Opening Br. at 3-4. He further claims he was stopped illegally in his car on at least one occasion, June 1, 2010.

Mr. Butler also alleges that the authorities engaged in "misconduct, conspiracy, fabricating, [telling] lies" and "[t]ampering with evidence" during a hearing and trial on August 11 and August 27, 2010. He further asserts the police assaulted him and his mother on March 31, 2012, and that he was handcuffed at some point.

Other than those dates, Mr. Butler does not identify any particular incident, date or even a general time-frame for these allegations, nor does he list any legal

---

[1] We also deny Mr. Butler's motion requesting that the City of Arvada furnish certain recordings on appeal.

authority to support his claims.  He alleges generally that he has been the victim of persistent racial discrimination, and he asks "that the court place Sanction, on The City of Arvada, CO at $65,000.000 million [sic]."  Id. at 6.

On April 26, 2012, the district court issued an order directing Mr. Butler to file an amended complaint because his complaint, as filed, "does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." Order at 1, R. Vol. 1 at 10.  The court observed that Mr. Butler "fails to provide a short and plain statement of the grounds for the court's jurisdiction" and "fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action."  Id. at 11.  While noting that Mr. Butler may be intending to assert claims pursuant to 42 U.S.C. § 1983, the court stated that "[m]erely making a conclusory allegation that the Arvada courts and police department do not respect the constitution is not sufficient to state a cognizable claim against the City of Arvada."  Id. at 12.

The court directed Mr. Butler to "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and what specific legal right [Mr. Butler] believes the defendant violated."  Id. (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)).  It also informed him that he must identify a municipal policy or custom causing the alleged violations, in light of his assertion of claims against a municipal entity.  The court ordered Mr. Butler to file such a complaint within

-3-

thirty days, and it cautioned Mr. Butler that failure to amend his complaint would result in the dismissal of the complaint without further notice.

In response, on May 4, 2012, Mr. Butler filed a letter with the district court, described by the court as follows:

> Among other things, Mr. Butler describes in the letter a conversation he had with the city attorney for the City of Arvada, states that the City of Arvada has no defense and will settle out of court if they are wise, and describes an incident with the City of Arvada police officers that occurred on April 26, 2012. Attached to the letter are various documents, including copies of a municipal summons dated March 31, 2012; various municipal noise ordinances; City of Arvada police reports relevant to the March 31 municipal summons and another incident on April 3, 2012; and a statement by Mr. Butler regarding the incident occurring on March 31, 2012. Mr. Butler has not filed an amended complaint as directed, and the letter to the Court filed on May 4 does not include a short and plain statement of the claims he is asserting in this action. Therefore, Mr. Butler has failed to comply with Magistrate Judge Boland's order directing him to file an amended complaint, and the action will be dismissed for that reason.

Order at 1-2, R. Vol. 1 at 36-37. The district court then dismissed Mr. Butler's complaint without prejudice. The court also denied Mr. Butler the opportunity to proceed on appeal *in forma pauperis*. After paying the full filing fee, Mr. Butler pursued this appeal.

As indicated, Mr. Butler's appellate brief provides no more specifics than did his complaint in district court. Mr. Butler also does not specifically claim any error in the district court's dismissal of his complaint. The district court dismissed Mr. Butler's action without prejudice pursuant to Fed. R. Civ. P. 41(b)

for failure to file an amended complaint as directed by the court. We have consistently interpreted Rule 41(b) "to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). We review a dismissal under Rule 41(b) for an abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (citations, internal quotation marks, and brackets omitted).

After examining Mr. Butler's appellate pleadings and the record on appeal, we conclude the district court did not abuse its discretion in dismissing Mr. Butler's complaint without prejudice. The allegations in Mr. Butler's complaint are unintelligible and Mr. Butler was given the opportunity to amend that complaint. Even in his appellate brief, which is also largely incomprehensible, Mr. Butler offers no explanation for why he failed to comply with the district court's order to amend his complaint.

Although Mr. Butler is acting *pro se*, and therefore entitled to a liberal reading of his filings, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (further quotation omitted).

For the foregoing reasons, we AFFIRM the dismissal of Mr. Butler's action.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge