FILED
United States Court of Appeals
Tenth Circuit

December 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**
_____

MARCUS ABRAMO FONTANA,

     Plaintiff - Appellant,

v.

STATE OF COLORADO, d/b/a Deborah
F. Pearson,

     Defendant - Appellee.

No. 16-1426
(D.C. No. 1:16-CV-02124-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Colorado state prisoner Marcos Abramo Fontana filed a pro se 138-page pleading

(20-page complaint, 118 pages of exhibits) titled "28 USC 1331 48 CFR Ch. 1, 53, 228."

A magistrate judge dismissed the pleading under Federal Rule of Civil Procedure 8 and

ordered Mr. Fontana to file his claims on a court-approved form for prisoner complaints.

Instead, Mr. Fontana filed a seven-page pleading titled "Verified Petition for

Enforcement of the Contract between the Parties in the Nature Of a Motion to Vacate

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Judgment Based on the Prosecution's Agreement that the Judgment is 1) Setoff, Settled, & Closed, and 2) Void Ab Initio . . . ," with 83 pages of exhibits.

Because Mr. Fontana had failed to comply with the magistrate judge's order, the district court dismissed this amended complaint and the action without prejudice under Federal Rule of Civil Procedure 41(b). *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962))).

Mr. Fontana has appealed, but his pro se 32-page brief does not address whether the district court erred in dismissing his case for not complying with the magistrate judge's order. He states on page 2 that the district court dismissed the case "for lack of Jurisdiction," and argues on pages 28 to 32 that the court had jurisdiction under 28 U.S.C. § 1331 and erred in ruling to dismiss. But the district court did not dismiss for lack of jurisdiction. It dismissed because Mr. Fontana did not file a complaint on the court-approved form for prisoners that complied with Rule 8.

As a pro se litigant, Mr. Fontana is entitled to liberal construction of his pleadings and arguments. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *Pinson*, 584 F.3d at 975. We do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "The first

- 2 -

task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cty. of Denver,* 784 F.3d 1364, 1366 (10th Cir. 2015). When, as here, "[t]he argument section of [the] opening brief does not challenge the [district] court's reasoning on [a] point[, w]e . . . do not address the matter." *Reedy v. Werholtz,* 660 F.3d 1270, 1275 (10th Cir. 2011).

Because Mr. Fontana has not offered a ground on appeal to challenge the dismissal of his amended complaint, we affirm the district court's judgment.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge