FILED
United States Court of Appeals
Tenth Circuit

July 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCUS ABRAMO FONTANA,

    Plaintiff - Appellant,

v.

DEBORAH F. PEARSON,

    Defendant - Appellee.

No. 19-1173
(D.C. No. 1:19-CV-00612-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

Appellant Marcus Abramo Fontana, a Colorado state prisoner, appeals pro se the

district court's order dismissing his amended complaint without prejudice. Initially, Mr.

Fontana filed a pro se civil rights complaint against District Attorney Deborah Pearson under

42 U.S.C. § 1983. In his complaint, Mr. Fontana asserted a single claim against District

Attorney Pearson and an unnamed court arguing that the court lacked subject matter

---

[*] This order and judgment is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this appeal.
*See* Fed. R. Civ. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument.

jurisdiction to prosecute him. Mr. Fontana alleged the trial court lacked subject matter jurisdiction because "[e]vidence of subject matter jurisdiction was never presented by [District Attorney Pearson] when presenting the case to the trial [c]ourt." Doc. 4 at 4. A magistrate judge reviewed the allegations of the complaint and entered an order directing Mr. Fontana to file an amended complaint because his initial complaint did not comply with Fed. R. Civ. P. 8.

Mr. Fletcher timely filed an amended complaint. After reviewing the amended complaint, the district court concluded Mr. Fontana failed to cure the Fed. R. Civ. P. 8 deficiencies identified by the magistrate judge and dismissed the amended complaint without prejudice. The district court also indicated any claim asserted against District Attorney Pearson would be subject to prosecutorial immunity and that § 1983 could not be used to challenge a conviction.[1] The district court determined any appeal from its order would not be taken in good faith and denied Mr. Fontana's request to appeal in forma pauperis. Mr. Fontana appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

\* \* \*

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." If the complainant fails to comply with

---

[1] The district court explicitly stated "prosecutorial immunity does not serve as the basis for dismissal" and cautioned Mr. Fontana that "if [he] later seeks to challenge some aspect of a completed state court conviction, a Prisoner Complaint is not the proper vehicle for such relief." Doc. 5 at 3–4.

Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b). Although the plain text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). We review a district court's dismissal under Rule 41(b) for an abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

\* \* \*

Mr. Fontana covers a lot of ground in his appellate brief. He revoked "any and all silent or assumed powers of attorney. . . over the Corporate Fiction of MARCUS ABRAMO FONTANA©," he proclaimed "I AM [a] Holder-In-Due-Course," and even discussed the "Accardi Doctrine." Mr. Fontana did not, however, address the district court's sole reason for dismissing the amended complaint: Mr. Fontana's repeated failure to comply with Fed. R. Civ. P. 8. Without contesting the district court's Rule 8 ruling, we cannot say the district court abused its discretion by dismissing the case without prejudice. We liberally construe a pro se litigant's pleadings, but do not "assume the role of advocate for the pro se litigant." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even under a liberal construction, Mr. Fontana provides no argument to contend the district court abused its discretion in dismissing his case for failure to comply with Rule 8. Accordingly, after a thorough review of the record, the pleadings, and the applicable law, we affirm the district court's dismissal

3

without prejudice for substantially the same reasons articulated by the district court.


                        Entered for the Court,



                        Bobby R. Baldock
                        United States Circuit Judge