FILED
United States Court of Appeals
Tenth Circuit

July 9, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

JOSE JOSEPH BANKS,

Petitioner - Appellant,

v.

ANDRE MATEVOUSIAN, Complex
Warden, ADX Florence,

Respondent - Appellee.

No. 19-1178
(D.C. No. 1:19-CV-00582-LTB)
(D. Colo.)

## ORDER AND JUDGMENT*

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

In February 2019, Petitioner Jose Joseph Banks filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On March 1, 2019, the magistrate judge entered an order noting Petitioner's *in forma pauperis* motion was deficient because the "account statement [Petitioner] submitted is not certified and does not show the current balance in [Petitioner's] prisoner account as of the date he filed this action."

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ROA at 75. The magistrate judge explained the petition would be dismissed within thirty days if Petitioner did not cure the deficiencies. On March 11, Petitioner filed an Inmate Account Statement, revealing he had $90.14 in his account. On March 26, the district court denied Petitioner's *in forma pauperis* motion because Petitioner had sufficient funds to pay the $5.00 filing fee. The court ordered that Petitioner "shall pay the $5.00 filing fee within thirty days from the date of this Order if he wishes to pursue his claims in this action." ROA at 79. Otherwise, "the action will be dismissed without further notice." *Id.* After over a month of complete silence and inactivity from Petitioner, the district court indeed dismissed the action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). In its order dismissing the action, the court also certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of the order would not be taken in good faith and, thus, denied *in forma pauperis* status for purposes of appeal. Petitioner filed a timely notice of appeal, arguing "he had not intentionally refused or withheld owed filing fees but were [*sic*] in fact diligent, more than willing and made every attempt at meeting said payment." Op. Br. at 1.

A district court may dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). We review such a dismissal for abuse of discretion. *Olsen*, 333 F.3d at 1204. Petitioner clearly failed to comply with the court's order. The responsibility to timely make the payment and to communicate with the court lies with Petitioner, not with the ADX staff or with a friend. Because Petitioner failed to pay the filing fee by the court's deadline and failed to otherwise respond to

2

the court's order for over thirty days, the court did not abuse its discretion in dismissing the action. We highlight to Petitioner that his action was dismissed "without prejudice"—meaning he may refile and pursue his § 2241 application in a new case provided he follows the lower court's orders.

Additionally, Petitioner filed a motion for leave to proceed *in forma pauperis* on appeal. The district court was quite right in its order certifying any appeal would not be taken in good faith. Accordingly, we DISMISS this appeal and DENY his motion for leave to proceed *in forma pauperis*.

Entered for the Court


Bobby R. Baldock
Circuit Judge