**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CLARENCE WAYNE SEELEY, III,

    Plaintiff - Appellant,

v.

BRIAN WHITNEY, State Official;
ALEXANDER DUNCAN, State Official;
RAYMOND ALLEN, State Official;
NIKEA TANISHA BLAND, State
Official; IDRIS CHAMBERS; DOLORES
MARTINEZ,

    Defendants - Appellees.

No. 25-1031
(D.C. No. 1:24-CV-01013-LTB-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Clarence Seeley III was arrested and held in jail on state charges for about six months, until the prosecution dismissed the case. He sued under 42 U.S.C. § 1983 for damages from his arrest and detention. After giving Mr. Seeley two opportunities to amend his complaint, the district court dismissed under Fed. R. Civ. P. 41(b) for

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to comply with Fed. R. Civ. P. 8.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

The magistrate judge issued two orders identifying deficiencies in Mr. Seeley's pleadings and directing him to amend to bring his complaint into compliance with Rule 8(a).  The operative pleading is the second amended complaint Mr. Seeley filed in response to the second order (Dist. Ct. ECF No. 30).

The second amended complaint named as defendants two state judges, a prosecutor, a sheriff's deputy, and two witnesses.  For Claim One, Mr. Seeley alleged "Violation of the 14th Const. Amendment Due Process Clause/Equal Protection Clause Negligence/Malicious Prosecution/False Arrest/Imprisonment."  R. at 92 (capitalization modified).  For Claim Two, he alleged "Violation of the 4th Const Amendment Preliminary Hearing/Probable Cause/Illegal Search & Seizure."  *Id.* After listing both claims and identifying which defendants were named in connection with which claim, the second amended complaint had a paragraph (a half-page of text) containing all supporting allegations for both claims.

The magistrate judge recommended the district court dismiss the second amended complaint without prejudice under Rule 41(b) because Mr. Seeley failed to satisfy Rule 8.  Stating that the allegations were "vague, unclear, conclusory, and difficult to follow," R. at 102, the magistrate judge determined that Mr. Seeley had "failed to explain, in a clear, concise, and understandable way, what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and

2

what specific legal right [he] believes the defendant violated." R. at 103 (ellipses and internal quotation marks omitted). Over Mr. Seeley's objections, the district court adopted the recommendation and dismissed the second amended complaint and the action without prejudice.[1]

## DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Because Mr. Seeley proceeds pro se, we liberally construe his filings, but we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Rule 8, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 41(b) authorizes the involuntary dismissal of an action or claim "[i]f the plaintiff fails to . . . comply with" the Federal Rules of Civil Procedure "or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). A district court need not employ "any particular procedures" to dismiss without prejudice pursuant to Rule 41(b). *Nasious*, 492 F.3d at 1162.

---

[1] The district court dismissed the action as well as the complaint, so although the dismissal was without prejudice, it is a final, appealable decision. *See Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006).

The Supreme Court has explained:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, citations, and internal quotation marks omitted)). To satisfy Rule 8, therefore, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. "[T]hese are, very basically put, the elements that . . . permit[] the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

The district court did not abuse its discretion in dismissing Mr. Seeley's action because the second amended complaint did not satisfy these standards. It sets forth some factual allegations, but primarily it presents conclusory assertions. Even construed liberally, the second amended complaint does not explain what happened with sufficient clarity to enable the district court to proceed with the case.

Mr. Seeley asserts that he satisfied the requirement to describe "who/what/when/where/how/why," Aplt. Opening Br. at 3 (capitalization modified), by identifying the state-court case number, which the district court could look up, and then later by providing documents listing the procedural actions taken in the state-court case (i.e., a docket sheet or register of actions). But the district court was

4

not required to act as Mr. Seeley's advocate by locating or cross-referencing documents from another case to infer the grounds for his claims. *See Garrett*, 425 F.3d at 840 ("[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (brackets, citation, and internal quotation marks omitted)).

Mr. Seeley also states that the district court did not address his Claim Two. He is correct that the magistrate judge apparently overlooked that he sought to pursue two claims. But the error is harmless because Claim Two suffers from the same deficiencies as Claim One. The two headings for the claims were followed by one block of text that was insufficient to support either claim.

Finally, Mr. Seeley argues that the magistrate judge improperly presided without his consent. *See* 28 U.S.C. § 636(c). He is mistaken. The magistrate judge did not preside over the case. He screened Mr. Seeley's pleadings pursuant to the district court's local rules, *see* D.C.Colo.LCivR 8.1, and directed the clerk to assign it to a district judge. The district judge referred the matter to the magistrate judge for a recommendation, which the magistrate judge provided. It was the district judge who made the final decision to dismiss Mr. Seeley's action.

5

## CONCLUSION

We affirm the judgment.  We deny Mr. Seeley's motions for oral argument, for

a court-ordered investigation, and for injunctive relief.[2]

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[2] The motions for a court-ordered investigation and for injunctive relief
challenge Mr. Seeley's current conditions of confinement, which are beyond the
scope of this litigation.