**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 30, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LATASHA MCKINZIE,

Plaintiff - Appellant,

v.

BANK OF AMERICA,

Defendant - Appellee.

No. 25-2125
(D.C. No. 1:25-CV-00754-MLG-JMR)
(D. N.M.)

_____

### ORDER AND JUDGMENT*

_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.

_____

Plaintiff Latasha McKinzie, proceeding pro se, appeals the district court's order dismissing her racial-discrimination suit against Defendant Bank of America under 42 U.S.C. § 1983 and New Mexico state law. We have jurisdiction under 28 U.S.C. § 1291. Because Plaintiff has failed to explain why the district court erred, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff alleges that she was racially discriminated against at a local branch of Bank of America on June 20, 2024. She says that she presented a valid check, but that the Bank refused to cash it. The Bank told Plaintiff that it would not cash the check because the signature on the check did not match earlier signatures on checks from that account. But Plaintiff maintains that she had never presented a check from that account before, and thus the Bank would not have had any signatures for comparison.

Plaintiff has now filed three iterations of this lawsuit. She initially sued the Bank in New Mexico state court for discrimination under 42 U.S.C. § 1981, civil-rights violations under 42 U.S.C. § 1983, and discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112. *See McKinzie v. Bank of Am.*, No. 1:24-cv-00892-WJ-JMR, 2025 WL 835826, at *3 (D. N.M. March 17, 2025). Her claims were removed to federal court but dismissed without prejudice for failure to state a claim. *See id*. at *1. Plaintiff then filed an amended complaint in which she asserted violations of Title VII and the New Mexico Civil Rights Act. *See id*. at *3. The district court dismissed the amended complaint with prejudice, explaining that Plaintiff had failed to state a claim under Title VII since she had never alleged that she was employed by the Bank, and that Plaintiff's New Mexico Civil Rights Act claim failed because the Bank is not a public body. *See id.*

In June 2025 Plaintiff again sued the Bank in federal district court, asserting a § 1981 discrimination claim and a § 1983 civil-rights claim. *See McKinzie v. Bank of Am.*, No. 1:25-cv-00525-MIS-LF, 2025 WL 2171832, at *1 (D. N.M. July 31, 2025).

2

The magistrate judge "ordered Plaintiff to either amend the complaint to plausibly state federal law claims or to show cause why Plaintiff believes the claims [were] sufficient." *Id.* at *2. Plaintiff instead filed an amended complaint in which she abandoned her federal claims and asserted a discrimination claim under the New Mexico Human Rights Act. *See id.* The district court declined to exercise supplemental jurisdiction over Plaintiff's state-law claim and dismissed her case. *See id.* Plaintiff filed an appeal which we dismissed as untimely.

This action was filed on August 7, 2025. Plaintiff's complaint makes the same factual allegations that she had made before and asserts nearly identical claims under § 1983 and New Mexico state law. The magistrate judge ordered Plaintiff to show cause why her case was not barred by res judicata given that her prior case asserting the same claims had been dismissed with prejudice. Plaintiff did not comply with the order. Instead, she requested more time to seek legal counsel. The court declined to delay the case any further, noting that Plaintiff had ample time to seek counsel and that she "has not shown why this case is not precluded; nor does the Court believe that she will likely be able to do so." Aplt. App., Vol. I at 23. Because Plaintiff failed to comply with the court's order to show cause, the court dismissed her case with prejudice under Fed. R. Civ. P. 41(b). *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating that district courts can dismiss actions sua sponte under Rule 41(b) if the plaintiff fails to comply with the court's orders).

Plaintiff argues that "[t]he facts remain the same and no justice has been given." Aplt. Br. at 3. But "[t]he first task of an appellant is to explain to us why the

3

district court's decision was wrong." *Nixon v. City & Cnty. of* Denver, 784 F.3d 1364, 1366 (10th Cir. 2015). And Plaintiff has failed to do so here. She has not explained why the district court erred when it dismissed her claim under Rule 41(b) after she failed to comply with its order. Nor, for that matter, has she tried to explain why she did not comply with that order, or why her claim would not be barred by res judicata.

Therefore, we **AFFIRM** the dismissal of Plaintiff's action. We **GRANT** Plaintiff's motion to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge

4