**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| TROY LEE GALINDO,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>PSYCHIATRIST DR. LAMPELA;<br>CASEMANAGER MR. BURBANK; CM<br>III OLSON; WARDEN TRANE; BOARD<br>OF COUNTY COMMISSIONERS OF<br>SUMMIT COUNTY, COLORADO,<br>(through the Summit County Jail),<br><br>    Defendants-Appellees. | No. 12-1490<br><br>(D.C. No. 1:12-CV-02605-LTB)<br>(D. Colo.) |

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Troy Lee Galindo, a Colorado state prisoner, appeals pro se the district court's order dismissing his amended complaint without prejudice and seeks leave to appeal in forma pauperis. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I

In his pro se complaint, Galindo cited 42 U.S.C. § 1983 and alleged various grievances against prison officials, including claims for negligence, "garnishment fraud," and "criminal coer[c]ion." R. Vol. 1, at 4-5, 10-12. A magistrate judge reviewed Galindo's complaint and discovered that it failed to satisfy the requirements of Federal Rule of Civil Procedure 8. Specifically, the magistrate judge found that "[i]t [wa]s not clear why Mr. Galindo [wa]s suing the named Defendants in this court in this action or what relief he s[ought] from the Defendants. In short, the Prisoner Complaint make[s] no sense." Id. at 32. Accordingly, on October 23, 2012, the magistrate judge ordered Galindo to file an amended complaint within thirty days of the order. Id. at 34. The order explained the deficiencies of the complaint, including Galindo's failure to sufficiently allege conduct on the part of the named defendants, and how such deficiencies could be remedied. Id. at 32-33. The magistrate judge warned Galindo that if the amended complaint suffered from the same errors as the first, the amended complaint would be dismissed.[1] Id. at 34.

On November 5, 2012, within the thirty day period, Galindo filed an amended

_____

[1] The magistrate judge also denied several motions filed by Galindo because they too suffered from a lack of clarity and did "not make any sense." R. Vol. 1, at 33-34.

complaint. Id. at 35. The district court found that Galindo's amended complaint "similarly fail[ed] to provide a short and plain statement of any claim for relief," and dismissed without prejudice Galindo's amended complaint pursuant to Rule 41(b). Id. at 57-58. The district court additionally found that any appeal from its order would not be taken in good faith and denied Galindo's request to appeal in forma pauperis. Id. at 57; 28 U.S.C. § 1915(a)(3).

II

Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to comply with Rule 8, Rule 41(b) authorizes district courts to dismiss an action with or without prejudice.[2] Fed. R. Civ. P. 41(b). We review a district court's dismissal under Rule 41(b) for abuse of discretion. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007) ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go . . . ; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."). We construe a pro se

---

[2] Because dismissal with prejudice is a significantly harsher remedy, a district court must consider certain criteria before so dismissing. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007). No such consideration was necessary here because the district court dismissed without prejudice. R. Vol. 1, at 58. Additionally, while "the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

3

litigant's pleadings liberally, but do not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III

We agree with the district court that Galindo's amended complaint fails to satisfy the requirements of Rule 8. The amended complaint is too vague and unintelligible to inform the named defendants of the legal claims being asserted. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007). Galindo fails to describe with any specificity what action was taken or who took such action. See, e.g., R. at 44 (describing the defendants as cooperating with "agents," which led to "fractious decision[ ]making," and "unjust etiquettes" that caused "unfair transgress[ions] [in]to plaintiff's privacy"). Accordingly, the district court did not abuse its discretion by dismissing without prejudice Galindo's amended complaint.

## IV

We AFFIRM the district court's dismissal of Galindo's amended complaint without prejudice. We DENY Galindo's motion to proceed in forma pauperis and remind him of his obligation to pay in full the filing and docket fees. See Kinnell v. Graves, 265 F.3d 1125,1129 (10th Cir. 2001).

Entered for the Court


Mary Beck Briscoe
Chief Judge


4