FILED
United States Court of Appeals
Tenth Circuit

May 24, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

VICTOR ANDREW APODACA, SR.,

    Plaintiff - Appellant,

v.

JOHN DOES, Inmates of New Mexico
Corrections Department, Prisoners; NEW
MEXICO CORRECTIONS
DEPARTMENT; DAVID JABLONSKI;
GEO GROUP, INC.; DAVID BOWEN;
FNU GONZALES; FNU VIGIL; REGINA
TRUJILLO, Library Paralegal;
AMBERLY WARD; FNU NEWTON;
JOHN/JANE DOE; FNU BROCK,

    Defendants - Appellees.

No. 18-2069
(D.C. No. 1:18-CV-00108-MV-SMV)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.

_____

Pro se federal prisoner Victor Andrew Apodaca, Sr. appeals from the district

court's order dismissing his prisoner civil rights complaint for failure to prosecute

_____

[*] After examining the briefs and appellate record, this panel has determined
that oral argument would not materially assist in the determination of this appeal.
_See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

and comply with the court's order. Exercising jurisdiction under 28 U.S.C. § 1291, we **DISMISS** Mr. Apodaca's appeal as frivolous, **DENY** his motion for leave to proceed *in forma pauperis* on appeal, and impose a "strike" under 28 U.S.C. § 1915(g).

## I.

Mr. Apodaca is currently incarcerated at the Northeast New Mexico Detention Facility. In February 2018, he filed a complaint asserting, *inter alia*, that prison officials violated his constitutional rights by confiscating his property during a "shake down" at the facility. On the same day he filed the complaint, Mr. Apodaca also submitted a motion seeking leave to proceed *in forma pauperis*.

The district court granted Mr. Apodaca's leave to proceed *in forma pauperis*. As part of the order, the court ordered Mr. Apodaca to pay a partial fee of $13.75, warning Apodaca that the case could be dismissed if no payment was made. Mr. Apodaca did not pay the fee or otherwise respond to the order. Accordingly, on April 24, 2018, the district court issued an order dismissing the complaint without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. Order of Dismissal at 1. Because the defendants were never served or summoned, there are no appellees in this appeal. This appeal followed.

## II.

Mr. Apodaca challenges the district court's dismissal of his complaint and its assessment of a filing fee. We construe the filings of a pro se litigant liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as

his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Per 28 U.S.C. § 1915(b)(1), prisoners bringing civil rights actions must pay the filing fee. 28 U.S.C. § 1915(b)(1) sets forth the standard and allows courts to "assess" the payment of partial fee (recognizing most prisoners can only pay the fee in partial payments). We evaluate a dismissal under Rule 41(b) for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citations omitted).

Because Mr. Apodaca failed to submit payment by the deadline and failed to respond to the court order otherwise, this court finds that the district court did not abuse its discretion in dismissing Apodaca's case. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the . . . court's orders."). We also agree that the district court properly assessed a filing fee under 28 U.S.C. § 1915(b)(1).

### III.

Finally, because Mr. Apodaca seeks to proceed *in forma pauperis* on appeal, we ask whether this appeal is frivolous. A litigant may only proceed *in forma pauperis* if he shows a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also* 28 U.S.C. § 1915(e)(2)(B). Additionally, prisoners who bring frivolous appeals are assessed a strike under the Prison

3

Litigation Reform Act.  28 U.S.C. § 1915(h).  Mr. Apodaca failed to make any nonfrivolous argument for reversal of the district court's decision.

**IV.**

Based on the foregoing, we **DISMISS** Mr. Apodaca's appeal as frivolous, **DENY** his motion for leave to proceed *in forma pauperis* on appeal, and impose a "strike" under 28 U.S.C. § 1915(g).  We note that this newly imposed strike is Mr. Apodaca's third, which means he may not procced *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Mr. Apodaca is reminded of his duty to pay the unpaid balance of his filing fees in full immediately.

Entered for the Court

Allison H. Eid
Circuit Judge