FILED
United States Court of Appeals
Tenth Circuit

July 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONNA REE GOODMAN,

    Defendant-Appellant.

No. 09-8036

(D.C. Nos. 2:07-CV-0115-WFD and
2:05-CR-00132-WFP-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Donna Ree Goodman, a federal prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of her

28 U.S.C. § 2255 motion. Goodman also requests leave to proceed in forma

pauperis ("IFP") and to add co-defendants to this appeal. We deny the COA, the

request to proceed IFP, and the motion to add co-defendants to this appeal.

I

On December 30, 2005, Goodman pleaded guilty to four counts: (1)

conspiring to possess with intent to distribute, and to distribute, prescription pills

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846; (2) threats against a law enforcement officer, 18 U.S.C. § 115(a)(1)(B); (3) conspiring to possess with intent to distribute, and to distribute, methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), 846; and (4) maintaining a drug-involved premise in violation of 21 U.S.C. § 856(a)(1)(2). In her plea agreement, Goodman acknowledged the waiver of certain constitutional rights. On May 11, 2006, the district court sentenced Goodman to a total of 292 months' imprisonment and 60 months' supervised release. After the government filed a motion for a reduction in Goodman's sentence, the district court reduced Goodman's term of imprisonment to 121 months. Goodman did not file a direct appeal.

On May 8, 2007, Goodman, appearing pro se, filed a 28 U.S.C. § 2255 motion. The motion alleged five grounds for relief: (1) ineffective assistance of counsel for not investigating the sovereignty of the Arapahoe Nation; (2) ineffective assistance of counsel for not investigating Goodman's "extradition;" (3) denial of due process when Goodman was not informed of her rights under Miranda v. Arizona, 384 U.S. 436 (1966); (4) denial of due process when Goodman did not receive her "consular rights;" and (5) the absence of an "extradition order." R. at 7. On July 20, 2007, Goodman amended her § 2255 motion to include: (1) ineffective assistance of counsel for failing to discover the denial of Goodman's rights under Miranda; (2) ineffective assistance of counsel

2

for failing to explain Goodman's Pre-Sentence Investigation Report; and (3) ineffective assistance of counsel for failing to address Goodman's physical health.

On February 11, 2009, the district court denied Goodman's § 2255 motion. Goodman filed a timely notice of appeal, and filed a request for a COA.

II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make this showing, Goodman must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

In her application for a COA and her present briefing, Goodman argues that law enforcement officers violated her constitutional rights by not informing her of her rights under Miranda. Although Goodman characterizes this allegation as newly discovered evidence, it is clear that the alleged constitutional deprivation occurred before Goodman pleaded guilty.

In general, a defendant who acknowledged in open court that she is guilty of the charged offense may not thereafter raise independent claims relating to the

3

violation of constitutional rights that occurred before the entry of her guilty plea.

United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003). In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [She] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not [competent].

The district court found Goodman's guilty plea to be knowing and voluntary. In her plea agreement, Goodman acknowledged the waiver of certain constitutional rights and she did not condition her plea on the preservation of these rights on appeal. Because the alleged violations relating to her Miranda rights occurred before she pleaded guilty, Goodman can no longer raise claims based on those rights. She may only challenge whether her plea was knowing and voluntary and whether counsel provided effective assistance.

In the district court, Goodman explicitly linked the alleged violations of her Miranda rights with her attorney and the plea agreement. In her amended § 2255 motion, Goodman alleged "[i]neffective assistance of counsel for not discovering the [d]enial of 'due process' when no Miranda rights [were] given." R. at 34 (emphasis omitted). Goodman does not explicitly raise this argument in her present filings, stating only "[t]he Plea Agreement is worthless paper," COA

4

Application at 2, and "Court appointed counsel never asked Appellant if she had been given her Miranda rights," Aplt. Br. at 2. Because Goodman proceeds pro se, we construe these pleadings liberally. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

For Goodman to merit a COA based on a connection between the alleged Miranda violation and the alleged ineffectiveness of her counsel, she must establish that her counsel was ineffective. To establish ineffective assistance of counsel, Goodman must show both that her counsel's performance was deficient, and that this deficient performance prejudiced her. Strickland v. Washington, 466 U.S. 668, 687 (1984). Thus, for Goodman to prevail, she must demonstrate "a reasonable probability that, but for counsel's error, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As the district court noted, "Goodman has not demonstrated for the Court how her attorney's alleged deficiency played any part in her decision to plead guilty or rendered her guilty plea involuntary. Nor has she claimed that, had her lawyer been more diligent on this issue, she would have made the decision to go to trial." R. at 149, 194. We agree with the district court's assessment of Goodman's initial filings. Goodman's present filings also omit an explanation for how any alleged error by her counsel influenced her decision to plead guilty and not go to trial. Further, in her plea agreement, Goodman acknowledged that her

5

counsel discussed certain constitutional rights with her and explained the consequences of waiving those rights.

After reviewing Goodman's application for a COA, the record on appeal, and Goodman's plea agreement, we agree with the district court and conclude that no reasonable jurist could conclude that Goodman made a substantial showing of a violation of her constitutional rights. We conclude that she has failed to establish her entitlement to a COA. Because we deny Goodman's COA, we also deny her motion to proceed IFP and her motion to add parties as moot.

Goodman's request for a COA is DENIED, and this matter is DISMISSED. Goodman's motion to proceed IFP is DENIED. Goodman's motion to add parties is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6