**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DENNIS LEON SMITH; BRUCE CLYDE
SMITH,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA, and all
parts thereof, its 50 several STATES and
all political subdivisions thereof, JOHN
and JANE DOES,

     Defendants - Appellees.

No. 17-1225
(D.C. No. 1:17-CV-00950-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

    Dennis and Bruce Smith appeal the district court's dismissal of their pro se

complaint due to their failure to comply with the court's order to cure deficiencies.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

On April 18, 2017, the Smiths submitted a pro se document to the district court titled "Complaint Amended Declaratory Judgment and Mandatory Injunction Ending the conflict between the Lex Loci and the Lex Fori and Merging them together for a Remedy in Law." The district court entered an order directing the Smiths to pay the filing fee or submit a motion to proceed in forma pauperis, and to submit a pleading on the court-approved complaint form. Despite the order's warning that failure to cure these deficiencies within thirty days would result in dismissal of the complaint, the Smiths failed to do so. The court thus dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the order and for failure to prosecute. This timely appeal followed.

## II

A district court may sua sponte dismiss an action for "fail[ure] . . . to comply with . . . a court order." Fed. R. Civ. P. 41(b); see Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). We review a district court's dismissal for failure to comply with a court order for abuse of discretion. See Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). Although a district court must consider certain criteria before dismissing an action with prejudice for failing to comply with an order, it may dismiss without prejudice "without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007).

We conclude the district court appropriately exercised its discretion. It gave the Smiths an adequate opportunity to comply with its order and provided them with specific

instructions. Although the Smiths filed a document within the thirty-day window provided by the district court, it was largely nonsensical and failed to address the specific deficiencies identified. The Smiths filed a document titled "Supreme Court Review; 28 USC 1291," which appears to be a mock Supreme Court order signed by both plaintiffs in which they represent themselves as "Holding office in and for the Country of the said United States." As the district court noted, impersonation of a federal officer may violate 18 U.S.C. § 912 and could be subject to criminal penalties.

On appeal, the Smiths similarly submitted a document titled "Supreme Court amended Declaratory Judgment and Mandatory Injunction" in which they identify themselves as "Holding office in and for the Country of the said United States." This filing fails to advance any coherent argument with respect to the district court's ruling. Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," we cannot "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Because the Smiths' filing "contain[s] no argument of substance," they have forfeited their right to review. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

### III

**AFFIRMED**. Because the Smiths have failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** their motion to

3

proceed in forma pauperis. We remind the Smiths of their obligation to pay the filing fee in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4