**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL CROWNHART,

    Plaintiff - Appellant,

v.

MIKE MASON; ED REYNOLDS,

    Defendants - Appellees.

No. 20-1066
(D.C. No. 1:20-CV-00182-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

    Pro se[1] plaintiff-appellant Earl Crownhart appeals the district court's dismissal

of his underlying action without prejudice. Exercising jurisdiction under

28 U.S.C §§ 1291, we affirm the district court's judgment and deny Crownhart's

petition to proceed *in forma pauperis*.

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

    [1] Because Crownhart is proceeding pro se, we liberally construe his
filings. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). That said,
liberally construing a pro se filing does not include supplying additional factual
allegations or constructing a legal theory on the appellant's behalf. *See Whitney v.
New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

I.

In 2013, the District Court for the District of Colorado issued an order enjoining Crownhart from filing future pro se actions in the court due to his "lengthy and abusive" history of filing such actions in the past. *Crownhart v. Suthers, et al.*, No. 13-cv-00959-LTB at ECF No. 5 (D. Colo. June 14, 2013). In the 2013 order, the district court noted that Crownhart would be allowed to file a pro se action only if he first obtained leave of court to do so. *Id.* Despite the order, and without first obtaining leave of court, Crownhart filed a pro se complaint on January 21, 2020 in the District Court for the District of Colorado.[2] The district court dismissed Crownhart's action without prejudice under Fed. R. Civ. P. 41(b) for failing to follow the 2013 order prohibiting him from filing pro se actions in the court. Crownhart now appeals—pro se—the district court's dismissal of his latest action and complaint.[3]

II.

This court reviews a lower court's dismissal under Fed. R. Civ. P. 41(b) for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty.*

---

[2] Crownhart's complaint generally alleged that staff members of Kissner Motors failed to properly inspect and repair a vehicle before selling the vehicle to him.

[3] After filing his appeal, Crownhart submitted two motions—one to add Candy Cain as a party, and the other to add Kissner Motors as a party. But because we ultimately affirm the district court's dismissal order, Crownhart's motions would have no "effect in the real world" and are therefore moot. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010); *see also United States v. Goodman*, 337 F. App'x 756, 758 (10th Cir. 2009) (finding a motion to add parties as moot after denying the litigant a certificate of appealability).

*Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007). Rule 41(b) establishes that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). While the language of Rule 41(b) specifically allows for a defendant to motion for dismissal, the rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the . . . court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "Although a district court must consider certain criteria before dismissing an action with prejudice for failing to comply with an order, it may dismiss *without prejudice* 'without [having to pay] attention to any particular procedures.'" *Smith v. United States*, 697 F. App'x 582, 583 (10th Cir. 2017) (emphasis added) (quoting *Nasious*, 492 F.3d at 1162)).

We conclude that the district court did not abuse its discretion by dismissing Crownhart's action without prejudice. The 2013 order plainly explained that Crownhart was enjoined from filing future actions in the District Court for the District of Colorado without representation of licensed counsel unless he first obtained leave of court to proceed pro se. And Crownhart clearly violated this order by filing a pro se action in the court without first obtaining leave to do so.

Further, Crownhart fails to address on appeal the district court's reasons for dismissing his initial action. Instead, he mainly reiterates the same arguments he presented in the lower court regarding the merits of his case. We therefore find that Crownhart forfeits any arguments challenging the district court's dismissal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an

3

issue in an opening brief generally forfeits appellate consideration of that issue."). "Given this forfeiture, we can reverse only by creating [the appellant's] arguments for him, which we aren't willing to do." *O'Kane v. Mead Johnson Nutrition Co.*, No. 19-5047, 2020 WL 1313627, at *2 (10th Cir. Mar. 19, 2020) (citing *Greenlaw v. United States*, 554 U.S. 237, 244 (2008)). We therefore find that the lower court did not abuse its discretion.

## III.

Crownhart seeks to proceed *in forma pauperis* on appeal. To proceed *in forma pauperis*, litigants must show a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). But again, Crownhart does not present any law or facts to contest the lower court's dismissal order. Indeed, he does not challenge any specific aspect of the dismissal order at all. His appeal is therefore frivolous.

## IV.

Based on the foregoing, we AFFIRM the district court's dismissal of Crownhart's action and DENY his motions to add parties and to proceed *in forma pauperis*.


Entered for the Court


Allison H. Eid
Circuit Judge


4