**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL CROWNHART,

    Plaintiff - Appellant,

v.

MCDONALD'S CORPORATION,

    Defendant - Appellee.

No. 20-1316
(D.C. No. 1:20-CV-02614-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Earl Crownhart appeals pro se the district court's dismissal of his action

without prejudice pursuant to Fed. R. Civ. P. 41(b).[1]  We affirm the district court's

order of dismissal and judgment, exercising our jurisdiction under 28 U.S.C. § 1291.

We also deny Crownhart's motions: for leave to proceed *in forma pauperis*, as well

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1] Because Crownhart is proceeding pro se, we liberally construe his filings.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  That said, liberally construing a pro se filing does not include supplying additional factual allegations or constructing a legal theory on the appellant's behalf.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

as a supplemental *ifp* motion; to "File Leave to File To Request To Settle Out of Court"; to provide "Notice of Proposed Settlement and Request a Hearing in a Class Action Law Suit [sic]"; to "File for Order for Summary Judgement [sic] in The Final Order to Settle Pursuant to Rule 56"; to "File for Entry of Summary Judgement [sic] in the Propsted [sic] settlement § 768.79 of Fedreal [sic] Rules Civil Procedure. 1442"; and "for Order for Demand of Settelment [sic] of Judgement [sic]."

## I.

In 2013, the District Court for the District of Colorado permanently enjoined Earl Crownhart from filing pro se actions in the court unless he first obtained leave of court to do so. Order of Dismissal and Imposition of Sanctions, *Crownhart v. Suthers, et al.*, No. 13-cv-00959-LTB (D. Colo. June 14, 2013), ECF No. 5. Without obtaining leave of court, Crownhart filed this pro se action on August 26, 2020 in the District Court for the District of Colorado. In his complaint, Crownhart alleges the McDonald's Corporation unlawfully discriminated against him when it did not re-hire him after he voluntarily resigned from his employment. The district court dismissed his action without prejudice under Fed. R. Civ. P. 41(b) for failing to comply with the sanction order. The district court also denied Crownhart *in forma pauperis* status on appeal, certifying that pursuant to 28 U.S.C. § 1915(a)(3) any appeal from the order would not be in good faith. Crownhart now appeals, pro se, the district court's dismissal of his action.

## II.

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). A district court abuses its discretion when it "makes 'a clear error of judgment or exceed[s] the bounds of permissible choice in the circumstances.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration in original) (quoting *McEwan v. City of Norman Parks*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)). Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). The rule authorizes a defendant to move for dismissal but "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the . . . court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "Although a district court must consider certain criteria before dismissing an action with prejudice for failing to comply with an order, it may dismiss without prejudice 'without [having to pay] attention to any particular procedures.'" *Smith v. United States*, 697 F. App'x 582, 583 (10th Cir. 2017) (mem.) (unpublished) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

We conclude the district court did not abuse its discretion when it dismissed Crownhart's action without prejudice because the 2013 sanction order expressly prohibited Crownhart from bringing actions in the District Court for the District of Colorado without representation by licensed counsel unless he first obtained leave of

3

court to proceed pro se. In bringing this pro se action without first obtaining leave to do so, Crownhart violated the order.

And on appeal, Crownhart repeats the arguments he made to the district court concerning the merits of his discrimination claim instead of addressing the district court's reasoning for dismissing his action. Crownhart in turn forfeits any arguments challenging the dismissal by the district court. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). We thus conclude the district court did not abuse its discretion when it dismissed Crownhart's action without prejudice.

## III.

We also deny Crownhart's motion for leave to proceed *in forma pauperis* and supplemental *ifp* motion. To proceed *in forma pauperis*, litigants must show a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Given that Crownhart does not present any law or facts to challenge the district court's dismissal order, his appeal is frivolous. We also deny as frivolous Crownhart's motions: to "File Leave to File To Request To Settle Out of Court"; to provide "Notice of Proposed Settlement and Request a Hearing in a Class Action Law Suit [sic]"; to "File for Order for Summary Judgement [sic] in The Final Order to Settle Pursuant to Rule 56"; to "File for Entry of Summary Judgement [sic] in the

4

Propsted [sic] settlement § 768.79 of Fedreal [sic] Rules Civil Procedure. 1442"; and "for Order for Demand of Settelment [sic] of Judgement [sic]."

## IV.

For the foregoing reasons, we AFFIRM the district court's dismissal of Crownhart's action without prejudice. We also DENY Crownhart's motions: for leave to proceed *in forma pauperis*, as well as a supplemental *ifp* motion; to "File Leave to File To Request To Settle Out of Court"; to provide "Notice of Proposed Settlement and Request a Hearing in a Class Action Law Suit [sic]"; to "File for Order for Summary Judgement [sic] in The Final Order to Settle Pursuant to Rule 56"; to "File for Entry of Summary Judgement [sic] in the Propsted [sic] settlement § 768.79 of Fedreal [sic] Rules Civil Procedure. 1442"; and "for Order for Demand of Settelment [sic] of Judgement [sic]."

Entered for the Court

Allison H. Eid
Circuit Judge

5