**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DERRICK ALLISON,

    Plaintiff - Appellant,

v.

BOULDER COUNTY (BCSO); JEFF
GOETZ, Chief; MELANIE JUDSON,
Medical; ERICA MARTINEZ, (1621)
Medical; RON KAUNDART, Commander;
(ILLLEGIBLE 424, 426), name unknown;
(ILLEGIBLE 296), name unknown; C.S.
HAYES, Sergeant; SISNEROS (1425),
Sergeant; PALMER (1424), Sergeant;
KOGER (1417), Sergeant; ANTHONY
MASCARARENAS, Deputy; STEVE
SUMNER, Deputy; CUNNIGHAM,
Deputy; B. MOORE, (1355) Deputy;
NOAH WELLS, Deputy; CHELTON,
(1449) Deputy; MUNOZ, (1439) Deputy;
GERTHE, (1496) Deputy; MCDONALD,
Deputy; DORRANCE, Deputy; JARBO,
(1474) Deputy; RESNIKOFF, Deputy;
TIFFANY, Medical; DAVIS, Doctor
Medical; WEIR, (1445) Deputy; B.
GARCIA, Deputy; AMIS, (1356) Deputy;
BEECHLEY, Deputy; SLETTON, Deputy;
B. SMITH, Deputy; BAISLEY, Deputy;
ORTIZ, Deputy; TAYLOR, Deputy; J.
MASON, Deputy; PAM, Medical; (1343)
UNKNOWN; (1362) UNKNOWN; (1416)
UNKNOWN; (1408) UNKNOWN; (1472)
UNKNOWN; (1434) UNKNOWN; (1566)
UNKNOWN; (1581) UNKNOWN; (1586)
UNKNOWN; (1617) UNKNOWN; (1642)
UNKNOWN; (1604) UNKNOWN; (1607)
UNKNOWN; (1624) UNKNOWN; (1641)
UNKNOWN; (1568) UNKNOWN; (1617)

No. 24-1434
(D.C. No. 1:23-CV-02611-LTB-RTG)
(D. Colo.)

UNKNOWN; (1642) UNKNOWN; (1604)
UNKNOWN; (1607) UNKNOWN; (1624)
UNKNOWN; (1641) UNKNOWN; (1568)
UNKNOWN; (1603) UNKNOWN; (1490)
UNKNOWN; (1417) UNKNOWN; (1635)
UNKNOWN; (1646) UNKNOWN;
OLIVERA, Commander,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

Derrick Allison filed a pro se prisoner civil rights complaint seeking relief for various harms he allegedly suffered while a pretrial detainee at Boulder County Jail. The district court screened the complaint and entered an order directing Mr. Allison to cure its deficiencies. He then filed a series of amended complaints, each of which the court also found deficient. Eventually, the district court dismissed his third amended complaint (TAC) and this action without prejudice for failing to comply with the pleading standards of Fed. R. Civ. P. 8. It also denied him further leave to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amend his complaint and denied his request for appointment of counsel. Mr. Allison has appealed,[1] and we affirm.

## BACKGROUND

Mr. Allison's initial complaint was 53 pages long, which exceeded the 30-page limit for inmate complaints prescribed by local rule. It was also not filed on the district court's form for prisoner complaints. It asserted six claims for relief against dozens of defendants, many of whom were identified by only a four-digit number. Mr. Allison accompanied the complaint with an application to proceed without prepayment of fees or costs, a motion for appointment of counsel, and a motion to exceed the 30-page limit.

A magistrate judge screened the complaint and ordered Mr. Allison to file an amended complaint that complied with the court's instructions for prisoner complaints by using the court's prisoner complaint form and not exceeding 30 pages. The magistrate judge also denied his accompanying motions.

Mr. Allison filed a first amended complaint using the court's form. Although the complaint itself was only nine pages long, it included a 53-page attachment detailing facts and his claims for relief that was essentially identical to his original, 53-page complaint. The magistrate judge screened the amended complaint and once again ordered him to cure deficiencies, including complying with the requirement that the form *and all additional pages* must not exceed 30 pages.

---

[1] We liberally construe Mr. Allison's pro se filings, but we do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mr. Allison filed a second amended complaint. After screening it, the magistrate judge ordered Mr. Allison to file yet another amended complaint. The magistrate judge's order explained that, among other deficiencies, the second amended complaint did not comply with Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement on the facts explaining why a claim succeeds. Mr. Allison's complaint was "too long, too verbose, too vague, and too repetitive" to comply with this requirement. R. at 191. The magistrate judge provided a detailed analysis of the claims Mr. Allison had attempted to assert and explained the requirements the complaint must meet to assert valid claims.

Mr. Allison again requested to file a complaint that exceeded 30 pages, but the magistrate judge denied his request. He then filed the TAC. A different magistrate judge reviewed the TAC, along with the entire case file, and recommended that the TAC and the action be dismissed without prejudice. The magistrate judge noted that the TAC's allegations were "disjointed, vague, and conclusory, making it unclear how each defendant violated Mr. Allison's rights." R. at 261. He concluded the allegations failed to satisfy Rule 8's requirements.

Mr. Allison filed objections to the magistrate judge's recommendation, along with another motion to exceed the 30-page requirement and motions seeking appointment of counsel and leave to further amend his complaint. The district court denied his motions, considered his objections, reviewed the recommendation de novo, and adopted it. It dismissed the TAC and the action without prejudice.

4

Mr. Allison appealed from the district court's judgment.[2]

## DISCUSSION

We review de novo the district court's decision to dismiss on screening a complaint that fails to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (discussing review of dismissals of in forma pauperis complaints under 28 U.S.C. § 1915(e)(2)(B)(ii)). But where a complaint does not contain the "short and plain statement of the claim showing that the pleader is entitled to relief" that Rule 8(a)(2) requires, we have reviewed such dismissals without prejudice for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). We need not definitively determine which standard applies here. Because the TAC fails to comply with Rule 8, we would affirm the dismissal under either the de novo or abuse-of-discretion standard.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

---

[2] Mr. Allison also filed a motion to alter and amend the judgment, which the district court denied. He did not appeal from the denial of his motion to alter or amend, so that order is not before us.

5

1. **Liberal reading of complaint.**

The TAC contains 19 purported claims against 58 defendants. It attempts to incorporate by reference large portions of Mr. Allison's second amended complaint, referring to section numbers from the statement of claims he included with that complaint. Many of the claims in the TAC are highly conclusory, including only a single sentence or two followed by a string of section numbers. Others are long and rambling, full of a vast array of tangentially related incidents. Many of the defendants are identified only by four-digit numbers.

Mr. Allison asserts that because he is pro se the district court should have ignored the TAC's disjointed nature and technical noncompliance with Rule 8 and instead should have recognized it contained claims based on well-pleaded facts. It is true that courts construe a pro se complaint liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)). But that does not mean that district courts are obligated to search for isolated grains of wheat among piles of chaff and then use them to bake up a viable complaint for a litigant. We stated as much in a previous case:

> [S]ome of the allegations in the complaint concern events that would seem to raise independent claims. Scattered throughout the complaint, for example, are vague allegations that arguably could give rise to state-law claims for defamation and conversion. But . . . [n]owhere in her 99–page, single-spaced pleading could we find "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a). This alone would have been sufficient reason to dismiss the complaint.

> In its sheer length, [the litigant] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter. And prolixity is not even the main problem . . . . [I]t hardly matters whether the district court dismissed [her] complaint . . . simply because it could not separate the wheat from the chaff. It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [the litigant] filed. As we have frequently noted, we are loath to reverse a district court for refusing to do the litigant's job.

*Mann*, 477 F.3d at 1147–48 (citations and internal quotation marks omitted).

Even the required liberal construction of Mr. Allison's pro se TAC will not rescue its blatant failure to comply with Rule 8. Having reviewed Mr. Allison's prolix, often conclusory, and jumbled TAC, we discern no reversible error in the district court's dismissal.[3]

2. **Grounds for dismissal.** Mr. Allison also raises a plethora of challenges to the procedures the district court followed in his case. None of these challenges has merit. He argues his case was dismissed pursuant to the district court's screening procedure, and that the relevant screening-related statutes, 28 U.S.C. §§ 1915A and 1915(e)(2), do not allow the district court to dismiss a complaint for failure to satisfy Rule 8's requirements, requiring instead an explicit finding that the complaint fails to state a claim.[4]

---

[3] Mr. Allison argues it was unreasonable to expect "an unrepresented prisoner without experience to write a complaint in a traditional and familiar format" and he lacked "examples of successful complaints in [his] prison resources." Aplt. Opening Br. at 15. But the magistrate judge provided painstakingly precise instructions on how to fix the deficiencies in his complaint. *See* R. at 190-203.

[4] Section 1915A requires a district court to dismiss a complaint if it "fails to state a claim upon which relief may be granted." § 1915A(b). Similarly, under § 1915(e)(2)(B)(ii) a court may dismiss an action filed without prepayment of fees and costs if it "fails to state a claim on which relief may be granted."

But failure to satisfy Rule 8's requirements essentially results in a failure to state a claim upon which relief may be granted. *See Ghaliani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017) ("A pleading *that states a claim for relief* must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Rule 8(a)(2)) (emphasis added); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (discussing interplay of Fed. R. Civ. P. 12(b)(6) and Rule 8(a)(2)); *cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1249, 1253 (10th Cir. 2008) (instructing district court to dismiss complaint without prejudice for failure to state a claim, noting its claims were both "inadequate . . . for failure to provide fair notice [under Rule 8(a)(2)] and [that] even if we take all well-pleaded facts in the complaint as true, the plaintiffs have failed to present a plausible right to relief," thus creating both "notice and plausibility problems"). We conclude the district court properly dismissed the TAC on screening for failure to comply with Rule 8's pleading standards.[5]

3. **Leave to amend**.  Mr. Allison argues the district court should have granted his various motions for leave to amend because he "show[ed] incredible progress." Aplt. Br. at 14.  Given that the district court gave him an opportunity to file three amended complaints, the only motion for leave to amend that matters is his last one, which sought to add an additional amended complaint to the three he had already filed.  The district court denied that motion because Mr. Allison had included only a

---

[5] Additionally, although the district court did not explicitly cite Fed. R. Civ. P. 41(b), that rule authorizes a court within its discretion to dismiss an action sua sponte based on the plaintiff's failure to comply with the rules of civil procedure, *see Olson v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003), including Rule 8, *see Nasious*, 492 F.3d at 1161.

single, conclusory sentence explaining his reasons for seeking to amend and he failed to attach a copy of the proposed amended pleading.  From this limited submission, the district court said, it could not determine whether justice required granting him leave to amend.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] *when justice so requires*."  (emphasis added)).

"[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Mr. Allison argues the district court abused its discretion in several ways.  He claims he was excused from attaching his proposed amended complaint to his motion for leave to amend because the district court had not required him file such an attachment in connection with his previous three amended complaints.  But the district court ordered him to file those amended complaints due to deficiencies detected on screening.  No purpose would have been served for those prior amendments by requiring Mr. Allison to comply with procedures for seeking approval for what he had already been ordered to do.

Next, citing a local rule, Mr. Allison argues that pro se prisoners are not required to accompany a motion for leave to amend with their proposed amended complaints.  *See* D. Colo. L. Civ. R. 15.1(a) ("A party *other than an unrepresented prisoner* who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall . . . attach as an exhibit a copy of the amended pleading . . . ." (emphasis added)).  But the district court did not rely on Local

Rule 15.1(a).  It relied on Rule 15.1(b), which requires a party to attach the proposed filing and makes no exception for unrepresented prisoners.

Mr. Allison next argues that Rule 15.1(b) does not apply to him because it deals with *opposed* motions for leave to amend and his motion was not opposed. While technically speaking this is true, it does not detract from the district court's ultimate conclusion.  By failing to adequately explain his reasons for amendment and failing to attach his proposed complaint, Mr. Allison did not supply the district court with a basis to exercise its discretion to permit further amendment.  Under those circumstances, denial of the motion for leave to amend was not an abuse of discretion.

4. **Appointment of Counsel**.  Mr. Allison argues the district court abused its discretion by failing to appoint counsel for him.  The district court concluded he failed to use the court-approved form for this purpose and also failed to "establish that his claims have merit, that the nature of the factual issues involved in the case require counsel, that he is unable to present the claims himself, or that the legal issues being raised are so complex that counsel is needed."  R. at 288 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *see also Steffy v. Orman*, 461 F.3d 1218, 1223-24 (10th Cir. 2006)).  We review the denial of appointment of counsel in a civil case for an abuse of discretion and will reverse only in "extreme cases where the lack of counsel results in fundamental unfairness."  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted).  Mr. Allison fails to show the denial of counsel here was an abuse of discretion.

10

5. **Length of Complaint.** Mr. Allison contends the district court should have granted his motions to exceed the 30-page limit on prisoner complaints. He cites the extended time span his complaint covers, the numerous violations he alleged, and his efforts to reduce his complaint to less than 30 pages. We review a court-ordered page limitation for an abuse of discretion. *Timmerman v. US Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). We discern no abuse of discretion here. There is no indication that simply permitting Mr. Allison to file a longer complaint would have allowed him to fix the deficiencies the district court identified in the TAC.

6. **Magistrate Judge Screening.** Finally, Mr. Allison argues that the magistrate judge was not authorized to recommend dismissal of a complaint on screening. We disagree. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court" of "prisoner petitions challenging conditions of confinement"); *id.* § 636(b)(3) (authorizing a magistrate judge to "be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States").

11

## CONCLUSION

We affirm the district court's judgment. We grant Mr. Allison's motion for leave to proceed without prepayment of costs and fees. We deny his motion for appointment of counsel on appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge